**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Windham Environmental Corporation, et al.

    v.                                              Civil No. 06-cv-367-JM

United States Fidelity and
Guaranty Company

**O R D E R**

Defendant moves to compel further answers to interrogatories.  Plaintiff seeks a protective order with respect to a Rule 30(b)(6) deposition on similar issues.

Background

At the Rule 16 scheduling conference plaintiff, with the apparent consent of defendant, agreed to amend its complaint to a request for a declaration of defendant's obligation to defend plaintiff and for payment of fees and costs to date.  Plaintiff did amend and it appeared that the issues were simplified and the case was streamlined.  Plaintiffs complain that defendant is seeking discovery on matters not relevant to the duty to defend issue but to indemnity matters.

For reasons known only to defense counsel there is no interrogatory by interrogatory discussion of or argument about the alleged inadequacies of answers.  Instead, there is a

grouping by "bullets" of a statement and lists of numbers of discovery requests. The "bullets", as set forth[1], will be considered in turn.

## Discussion

As defendant noted, discovery may be had of relevant, non-privileged matters. Fed. R. Civ. P. 26(b)(1). Since neither party has suggested otherwise, for this motion New Hampshire substantive law is the appropriate choice of law jurisdiction. In a duty to defend case under New Hampshire law, the issue is "whether the cause of action against the insured alleges sufficient facts in the pleading to bring it within the express terms of the policy . . . ." United States Fidelity & Guaranty Co. v. Johnson Shoes, Inc., 123 N.H. 148, 152 (1983). What is relevant then are the facts as pled, even if they bear no relationship to the real facts. See id. The only other relevant matters deal with the claim for fees and any specifically argued affirmative defenses.

With that background I move to the bullets.

Bullet 1: None of the cited interrogatories or

---

[1] "The district court is free to disregard arguments that are not adequately developed." Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999).

2

requests directly address choice of law facts. Defendant has not shown or argued how they might be indirectly relevant to choice of law.  Bullet 1 is denied.

 Bullet 2:  While counsel may find this an interesting bullet it does not list any interrogatories or requests supposedly relevant to it.  It is denied.

 Bullet 3:  The only interrogatory which relates to what is relevant to the "occurrence" is number 11. (Request no. 5 is also relevant but the pleading was produced).  Plaintiffs have not fully answered number 11 and are ordered to identify the language in the Arbitration Counterclaim on which they rely.  Otherwise denied.

 Bullet 4:  It is not the job of the court to construct an argument for parties.  See Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998). Examining thirty-six separate discovery requests and arguing how in combination they apply to unspecified policy provisions was counsel's job not mine.  Counsel failed to do so and the bullet is denied.

Bullet 5:   Denied as irrelevant.

Bullet 6:   Mooted by supplement by plaintiffs.

Bullet 7:   Mooted by supplement.

Bullet 8:   The interrogatories and requests may be related indirectly to a statute of limitations issue but counsel has provided no analysis or argument to substantiate it.  Denied.

Bullet 9-10.  Irrelevant.

Bullet 11.  The inadequacy of this bullet approach as a discovery tool is seen by reading the bullet and then reading interrogatories 2 and 3.  They are not remotely connected.  Numbers 4 and 5, on the other hand, actually do deal with relevant matters.  No claim of privilege was timely made and thus it is waived.  Plaintiffs are ordered to provide detailed legal fee and cost bills and to indicate which are unrelated, which are wholly related and which are partially related to the counterclaim.  These documents are to be subject to a protective order.

Since the Rule 30(b)(6) motion deals with so many irrelevant matters (see Schedule A, nos. 2, 3, 4, 5, 6, 7, 8, 9, 10 for

example) the motion to quash (document no. 30) is granted.

    The motion to quash (document no. 30) is granted; the motion to compel (document no. 24) is granted in part, moot in part and denied in part; and the motion for leave to file reply (document no. 29) is granted.

    **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 31, 2007

cc:   Christopher R. Blazejewski, Esq.
      Jeffrey T. Edwards, Esq.
      Eric B. Hermanson, Esq.
      Russell F. Hilliard, Esq.
      Daniel P. Luker, Esq.
      Joshua E. Menard, Esq.
      Roy T. Pierce, Esq.
      Steven A. Solomon, Esq.